UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ROBERTS,

     Petitioner,

v.

DONALD CURLEY, *warden*,

     Respondent.

Case No. 24-13214
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING ROBERTS' MOTION TO STAY THE PROCEEDINGS AND HOLD THE PETITION IN ABEYANCE [9]**

---

On May 21, 2018, David Roberts was convicted in Michigan state court of being a felon in possession of a firearm, felonious assault, two counts of possession of a firearm during the commission of a felony (felony-firearm), and reckless or wanton use of a firearm. On December 3, 2024, Roberts filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his convictions. (ECF No. 1.) Now before the Court is Roberts' motion to hold the petition in abeyance so that he may return to the state courts to exhaust an additional claim. (ECF No. 9.) For the reasons stated below, the Court GRANTS the request.

**I.**

Roberts was convicted following a jury trial in the Wayne County Circuit Court. *People v. Roberts*, No. 17-008393 (Wayne Cty. Cir. Ct., May 21, 2018). His convictions were affirmed on direct appeal. *People v. Roberts,* No. 345131, 2020 WL 862467 (Mich. Ct. App. Feb. 20, 2020), *lv. den.*, 947 N.W.2d 812 (Mich. 2020). Roberts

1

then filed a post-conviction motion for relief from judgment, which the trial court denied. *People v. Roberts,* No. 17-008393 (Wayne Cty. Cir. Ct., July 6, 2023). And the Michigan appellate courts denied Roberts leave to appeal. *People v. Roberts,* No. 369793 (Mich. Ct. App. June 17, 2024); *lv. den.* 11 N.W.3d 510 (Mich. 2024).

Roberts then turned to this Court. His federal habeas petition seeks relief on the following claims: (1) there was insufficient evidence to support his convictions, (2) he was entitled to relief on the claims he raised in his post-conviction motion because he satisfied the cause and prejudice standard under Michigan Court Rules 6.508(D)(3) to obtain post-conviction relief, (3) his sentence should not have been enhanced under the Fourth Habitual Offender Statute, (4) his trial counsel was ineffective for failing to object to him being sentenced as a Fourth Habitual Offender, and (5) his appellate counsel was ineffective for failing to raise his post-conviction claims on his appeal of right. (*See* ECF No. 1.)

But before this Court rules on his habeas petition, Roberts' says he wants to exhaust a new claim in another post-conviction motion before the state court, namely that he should not have been charged with three counts of possession of a firearm in the commission of a felony arising out of the same criminal transaction because this violates the Double Jeopardy Clause of the Constitution. (*See* ECF No. 9, PageID.47.) Accordingly, he asks the Court to stay his case.

## II.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *see Picard v. Connor*, 404 U. S. 270, 275 (1971). Federal district courts are authorized to stay a federal habeas petition which contains only fully exhausted claims while the petitioner exhausts additional claims in the state courts. *See Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (finding that a district court "is entitled to delay a decision" in a habeas case when the petition contains only exhausted claims); *see also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 942–43 (E.D. Mich. 2015) ("Accordingly, where, as here, a habeas petition contains only exhausted claims, and the petitioner seeks to stay the petition so that he can return to state court on unexhausted claims not yet part of the petition" the Court has discretion to stay the proceedings.). Indeed, although there is no "bright-line rule that a district court may *never* dismiss a fully-exhausted habeas petition" because of the pendency of unexhausted claims in state court, to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk v. Warden*, 299 F.3d 69, 82 (1st Cir. 2002); *see also Bowling,* 246 F. App'x at 306 (finding that the district court erred in dismissing petition containing only exhausted claims merely because petitioner had independent proceeding pending in state court involving other claims).

In making this decision, "the Court considers the consequences to [Roberts] if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims." *Thomas,* 89 F. Supp. 3d at 942.

One is that if "[Roberts] subsequently [sought] habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Id.* (citing 28 U.S.C. § 2244(b)(2)). Another is that "[i]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

The Court is aware that Roberts already filed a post-conviction motion for relief from judgment. And under Michigan Court Rules 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment. *See Banks v. Jackson,* 149 F. App'x 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Michigan Court Rule 6.502(G)(2), however, states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 F. App'x at 418; *Hudson,* 68 F. Supp. 2d at 800–01. In addition, although not specifically mentioned in 6.502(G)(2), jurisdictional defects can be pursued in a successive motion for relief from judgment because such defects can be raised at any time. *People v. Washington*, 972 N.W.2d 767, 779 (Mich. 2021).

Roberts alleges that it was a violation of the Double Jeopardy Clause to charge him with three counts of felony-firearm (and presumably to convict him of two of those counts) arising from a single transaction. (ECF No. 9, PageID.47.) "Under Michigan law, claims of Double Jeopardy are jurisdictional." *Plant v. Brewer*, No. 17-

4

1491, 2017 WL 9250267, at *2 (6th Cir. Dec. 6, 2017) (citing *People v. Carpentier*, 521 N.W.2d 195, 207–08 (Mich. 1994)).

Accordingly, this Court opts to "exercise caution in finding that" MCR 6.502(G) would bar Roberts from presenting his double jeopardy claim to the Michigan courts because "it is at least debatable whether the Michigan courts would entertain this claim on a second or successive motion for state postconviction relief." *Banks,* 149 F. App'x at 418; *see also Cunningham v. Hudson*, 756 F.3d 477, 485–86 (6th Cir. 2014).

Other considerations support granting a stay. At this time, the Court cannot say that Roberts' double jeopardy claim is "plainly meritless." *Thomas*, 89 F. Supp. 3d at 943. Nor can the Court determine that Roberts' claim plainly warrants habeas relief. *Id*. Thus, the Court may benefit from any adjudication of this claim in the state court. *Id*. Finally, respondent will not be prejudiced by a stay, whereas Roberts "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [Roberts] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claim. *Id*.

### III.

Accordingly, the Court hereby GRANTS Roberts' motion to stay and hold his habeas petition in abeyance. (ECF No. 9).

As a condition of the stay, Roberts must file a motion to reopen this case and an amended petition no later than 60 days after the conclusion of the post-conviction proceedings in state court. Failure to comply with the conditions of this stay could

result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

SO ORDERED.

Dated: March 6, 2025

s/Laurie J. Michelson

LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

6